## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DECORIE BATES**                                                                                    **PLAINTIFF**

**v.**                                                              **CAUSE NO. 1:21cv403-LG-RHWR**

**PEARL RIVER COUNTY JAIL, ET AL.**                              **DEFENDANTS**

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte.*   *Pro se* Plaintiff

Decorie Bates, an inmate of the Pearl River County Jail in Poplarville, Mississippi,

brings this Complaint pursuant to 42 U.S.C. § 1983.   Bates failed to pay the filing

fee or file a completed application for leave to proceed *in forma pauperis* ("IFP").

The IFP statute requires a prisoner seeking leave to proceed without

prepayment of the filing fee to "submit a certified copy of the trust fund account

statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate

official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915

(a)(2).   Bates did not submit a trust fund account statement or institutional

equivalent. (Mot., ECF No. 3).

On January 18, 2022, the Court entered an Order directing Bates, on or

before February 17, 2022, to pay the required filing fee or file a completed IFP

application.   (Order, 1, ECF No. 6).   The Order provided a blank IFP application

including a "Certificate to Be Completed by Authorized Officer" of prison accounts

to serve as the institutional equivalent of a trust fund account statement.   (*Id.* at 3–5).   The Order also provided that if Bates is unable to obtain this information, he may file an "affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." (*Id.* at 1).   The Order warned Bates that his failure to timely comply with the requirements of the Order may lead to the dismissal of his complaint.   (*Id.*).

In response to the Order, Bates filed an incomplete IFP application.     (Mot., ECF No. 7).   Bates's application failed to provide a trust fund account statement or completed account certificate or affidavit stating why this information is not provided.   (*Id.* at 3).   The Court lacks any account information as required by the statute and as needed to render an informed decision on Bates's IFP motion.

When Bates failed to comply, the Court entered an Order to Show Cause. The Court directed Bates to explain why this case should not be dismissed for failure to obey the Court's prior Order.   (Order to Show Cause, 1, ECF No. 9).   The Order to Show Cause also directed Bates, on or before March 16, 2022, to pay the filing fee or file a completed IFP application.   (*Id.*).   Bates failed to respond.

Because Bates is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case.   On March 30, 2022, the Court entered a Second Order to Show Cause directing Bates to comply on or before April 13, 2022.   (Second Order to Show Cause, 2, ECF No. 10).   The Second Order to Show Cause specifically warned Bates that his "**failure to fully**

**comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff.**" (*Id.* at 2 (emphasis in original)).   Bates failed to respond.

To date, Bates has not paid the filing fee or filed an application to proceed IFP that complies with 28 U.S.C. § 1915.   Bates failed to comply with three Court Orders.   The Court clearly warned Bates on numerous occasions that failure to comply with Orders would lead to the dismissal of this case.   (*See* Second Order to Show Cause, 2, ECF No. 10; Order to Show Cause, 2, ECF No. 9; Order, 1–2, ECF No. 6; Notice of Assign., 1, ECF No. 1–1).

This Court has the inherent authority to *sua sponte* dismiss an action for a plaintiff's failure to prosecute or to obey the court's orders.   *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988) (affirming *sua sponte* dismissal of prisoner's § 1983 case for failure to comply).   The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 at 630–31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   (*Id.* at 629–30).

The Court directed Bates on three separate occasions to pay the required filing fee or file an IFP application that complies with 28 U.S.C. § 1915.   Bates has

3

not complied.   As the record shows, lesser sanctions than dismissal have not prompted "diligent prosecution," instead such efforts have proven futile.   *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Dismissal without prejudice is warranted

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE